**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

DEC 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | No.   20-15172 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00876-RFB-NJK |
| v. | |
| SUNRISE RIDGE MASTER HOMEOWNERS ASSOCIATION; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| NEVADA ASSOCIATION SERVICES, INC.; BRANDON E. WOOD, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted December 6, 2021**
San Francisco, California

Before:  WARDLAW, BRESS, and BUMATAY, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nationstar Mortgage LLC appeals the district court's grant of summary judgment in favor of Sunrise Ridge Master Homeowners Association ("Sunrise Ridge"). We review a grant of summary judgment de novo. *Nationstar Mortg. LLC v. Saticoy Bay LLC, Series 9229 Millikan Ave.*, 996 F.3d 950, 954 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

After homeowners failed to pay their homeowners' association dues for their Las Vegas home, Sunrise Ridge recorded a notice of default and election to sell. At a foreclosure sale, the home was sold for $9,200. Nationstar, as the assignee of the first deed of trust, sued to set aside the foreclosure sale. Sunrise Ridge moved for summary judgment, arguing that the foreclosure sale extinguished the deed of trust. In response, Nationstar contended that the foreclosure was improper because Sunrise Ridge sold the home for a grossly inadequate price.

1. Under Nevada law, a foreclosure may be set aside "upon a showing of grossly inadequate price plus fraud, unfairness, or oppression." *Shadow Wood Homeowners' Ass'n v. N.Y. Cmty. Bancorp., Inc.*, 366 P.3d 1105, 1110 (Nev. 2016) (quotations omitted). "[W]here the inadequacy of the price is great, a court may grant relief based on slight evidence of fraud, unfairness, or oppression." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643 (Nev. 2017).

Even assuming that the sale price of the home was grossly inadequate, the district court correctly determined that Nationstar failed to establish any fraud, unfairness, or oppression. Nationstar's only assertion of fraud was that Sunrise Ridge's covenants, conditions, and restrictions improperly contained a mortgage-savings clause—a term stating that a foreclosure action will not render a first deed of trust invalid. But we have already held that a mortgage-savings clause, without more, does not constitute fraud, unfairness, or oppression. *See U.S. Bank, N.A. v. White Horse Ests. Homeowners Ass'n*, 987 F.3d 858, 864–67 (9th Cir. 2021). Because Nationstar points to nothing more than the mortgage-savings clause, the district court properly granted summary judgment in favor of Sunrise Ridge.

2. Nationstar also appeals the grant of summary judgment on its other claims for breach of Nevada Revised Statute § 116.1113 and for wrongful foreclosure. Aside from a conclusory statement that a genuine issue of material fact exists on these claims because of the mortgage-savings clause, Nationstar's opening brief fails to explain why it is entitled to relief under either claim or why the claims survive summary judgment. We need not supply the arguments for Nationstar's position. *See Rattlesnake Coal. v. EPA*, 509 F.3d 1095, 1100 (9th Cir. 2007) ("Issues raised in an opening brief but not supported by argument are considered abandoned.").

**AFFIRMED.**